Argued and submitted April 11, affirmed June 4, 1986

ALLARD et al,
*Petitioners,*

*v.*

EMPLOYMENT DIVISION et al,
*Respondents.*

(85-AB-1275; CA A37269)

719 P2d 1325

Michael T. Garone, Portland, argued the cause for peti-
tioners. On the brief was Jolles, Sokol & Bernstein, P.C.,
Portland.

Linda DeVries Grimms, Assistant Attorney General, Salem, argued the cause for respondent Employment Division. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Allan M. Muir, Portland, argued the cause for respondent Simpson Timber Co. With him on the brief was Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

■ Claimants seek review of an Employment Appeals Board order which affirmed the referee's decision to reduce or deny unemployment benefits for the week of December 23-29, 1984, because of claimants' receipt of holiday pay for two days in that week.[1] Holiday pay is ordinarily not considered as "earnings" in the determination of unemployment benefits.

"Payment which has been, is or will be paid to an individual for a holiday shall not be considered as earnings in the determination of the amount of benefits payable." ORS 657.150(7).

This general rule is subject to an exception when holiday pay is received for a holiday which occurs during a "vacation period." ORS 657.150(10) provides:

"Notwithstanding subsection (7) of this section, payment which has been, is or will be paid to an individual for a holiday which occurs within a vacation period designated pursuant to subsection (9) of this section shall be considered as earnings in the determination of the amount of benefits payable as provided in subsection (6) of this section."

ORS 657.150(9) provides that vacation pay is considered as earnings in the determination of benefits

"* * * if the individual is away from work for a designated vacation period:

"(a) As provided by union agreement; [or]

"(b) By reason of an employer custom, practice or policy established by prior experience * * *."

The issue is whether the week of December 23, 1984, was a "vacation period designated pursuant to [ORS 657.150](9)." Claimants argue that EAB erred by applying ORS 657.150(10), because the holiday pay was not received during a "vacation period."

Claimants' union's working agreement with the employer provides:

"In scheduling vacation periods, the following provisions shall apply:

---

[1] The Employment Division designated the week in issue as commencing Sunday, December 23, 1984. Employer refers to that week as commencing Monday, December 24, 1984. The parties agree that they are referring to the same week.

"14.8.a. The Employer may elect to close down the entire operations; * * * and must notify the employees and the Local Union of the choice by April 15, * * *.

"14.8.b. If the Employer elects to close the operation for the first and second [vacation] weeks, such closure must be scheduled in June, July or August, unless otherwise agreed upon between the Employer and the Local Union.

"14.8.c. The Employer may schedule the third and fourth weeks (fourth week on a staggered basis) at any time during the Vacation Base Year; but if electing to close down for the third week, the Local Union must be notified by April 15.

"* * * * *

"14.8.e. Each employee must take Vacation time off for the first and second weeks, and for the third week if a close down is elected by the employer."

Employer sent notice to the local of the vacation schedule for the contract year 1984-85 on April 10, 1984:

"This is to give you notification in regard to the vacation schedule for the contract year [1984-85]. The first two weeks of vacation will be taken by plant shutdown, effective the weeks beginning Monday July 2, and July 9. The third week of vacation will be taken by plant shutdown the week of December 24, 1984."

Employer subsequently announced on December 13, 1984, that its mill would be shut down for an additional week commencing December 31, 1984. The parties agree that the December 31 shutdown was a layoff week for which claimants were entitled to unemployment benefits.

The union agreement provides for vacation pay in addition to vacation time off. Employes with fewer than three vacation credit years receive 40 hours of vacation pay each year; those with three to five vacation credit years receive 80 hours of vacation pay. None of the claimants was entitled to more than 80 hours of vacation pay in 1984-85, and none received vacation pay for the week of December 23, 1984. Claimants did receive 16 hours of holiday pay for December 24 and 25, 1984. EAB determined that claimants were not entitled to full unemployment benefits for the week of December 23, 1984, because they had received holiday pay.

■ The referee found that employer had designated the

week of December 23, 1984, as the third week of vacation pursuant to the union agreement. He also found that employer had, for three or more years, designated a third week of vacation, usually including the Christmas holiday. He concluded that the week of December 23, was a " 'vacation period designated' by the employer, as provided for in the union agreement and by long standing policy and practice of the employer." EAB adopted the referee's decision. The findings of fact are supported by substantial evidence, and the order correctly interpreted and applied ORS 657.150(9) and (10) by considering the holiday pay as earnings in the determination of claimants' benefits.

■     Claimants argue that the week of December 23, 1984, was a week of "layoff" and should not be considered a week of "designated vacation," because they did not receive vacation pay for that week. There is nothing in ORS 657.150(9) and (10) which requires that a claimant receive vacation pay in order for a period away from work to be considered a "designated vacation." The only factual issue is whether a claimant is "away from work for a designated vacation period * * * as provided by union agreement [or] employer custom, practice or policy." Once that fact is found, ORS 657.150(9) provides that vacation pay for that period is considered as earnings; ORS 657.150(10) extends that result to holiday pay. Whether or not time away from work is a "designated vacation" has reference to the union agreement and the employer's practices. The working agreement in this case clearly provided that the employer could close down operations and designate up to four weeks of close down as vacation periods, provided that it gave notice of that choice by April 15. The agreement also provided that employes "must take Vacation time off for the first and second weeks, and for the third week if a close down is elected by the Employer." EAB correctly concluded that claimants had received holiday pay during a "vacation period designated pursuant to [ORS 657.150](9)" and that that pay is earnings under ORS 657.150(10).

Affirmed.